IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JONATHAN PAUL KORMAN, | CV 25–215–M–BMM |
| Plaintiff, | ORDER |
| v. | |
| LAKE COUNTY, ET AL., | |
| Defendants. | |

Plaintiff Jonathan Paul Korman has filed a pro se 42 U.S.C. § 1983 lawsuit.
(Doc. 2.) The Complaint fails to state a claim for relief and is dismissed.

## I. STATEMENT OF THE CASE

### A.    Parties

Korman is an inmate at Lake County Detention Center in Polson, Montana.
(Doc. 2 at 2.) Korman is proceeding without counsel. Korman names as
Defendants Lake County, Montana, the City of Polson, Montana, Lake County
Sheriff Donald Bell, Lake County Attorney James Lapotka, Montana Department
of Corrections Director Brian Gootkin, Montana State Prison Warden Jim
Salmonsen,[1] and Montana State Prison Records Department employee Michele

---

[1] Director Gootkin and Warden Salmonsen both have left their positions with the State of Montana. Korman has named them in both their official and personal capacities. (Doc. 2 at 4.) They are no longer possibly liable in an official capacity, but any claim against them in their personal capacities could, in theory, remain.

1

McKinni. (Doc. 2 at 2 - 4.)

### B. Allegations

Korman was sentenced in 2009, in Polson, Montana, to the custody of the Montana Department of Corrections for 20 years, with ten suspended, in case number DC-09-74. (Doc. 2 at 6.) Korman applied to Montana's Sentence Review Division, and his sentence was amended on February 4, 2010 to include fifteen years of probation. On June 14, 2014, Korman started his probation, but he was revoked a few months later. (Doc. 2 at 7.) Korman was eventually sentenced on his revocation on January 1, 2016, and credited with his jail time but not with 145 days of street time. (Doc. 2 at 7.) Korman had further convictions that ran consecutive to this sentence and extended his time in Montana State Prison. Korman was discharged from his sentence in DC-09-74 on June 17, 2019, without credit for the 145 days.

Subsequently, on July 18, 2024, Korman successfully moved the sentencing court for an amended judgment in DC-09-74, seeking credit for the 145 days of street time. (Doc. 2-1 at 3.) The Department of Corrections did not reduce the sentence he was serving at that time by a corresponding amount. (Doc. 2-1 at 1 – 2.) Korman alleges that this failure to release him 145 days earlier was an error. (Doc. 2 at 9.)

Korman seeks compensatory relief in the amount of $43,500 and legal fees

and costs. (Doc. 2 at 9.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915 and 1915A

Korman is an inmate proceeding in forma pauperis and pro se against a governmental defendant. The Court must review his Complaint under 28 U.S.C. § 1915A. Section 1915A(b) requires the Court to dismiss a complaint by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint fails to state a claim "where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory."  *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).  Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt."  *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

3

## III. ANALYSIS

Korman's Complaint has two deficiencies that prevent it from stating a claim.

### A. Statutes of Limitations

First, Korman's claim related to his sentence is barred by the applicable statutes of limitations. Korman's federal constitutional claim under 42 U.S.C. § 1983 is subject to a three-year statute of limitations in Montana. Section 1983 contains no statute of limitations, so federal courts apply the state statute of limitations governing personal injury actions. *Wilson* v. *Garcia,* 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204(1).

Any claim related to the extra time Korman contends he served on his DC-09-74 sentence arose within three years of the final discharge of that sentence, thus, by June 17, 2022. Korman's Complaint was filed more than three years later, on December 12, 2025. That is, at the time Korman believed he was being held in violation of his proper sentence on June 17, 2019, he had a cause of action. At that time, the proper action was likely a petition for habeas corpus and not an action for damages under § 1983. Once his sentence was discharged in 2019, Korman was no longer entitled to any reduction for the 145 days of street time, because there was no longer any sentence available for reduction. If Korman had a claim for a

violation of his rights based on the extra time he served, Korman had to file his damages action within the three-year limit for a § 1983 action. Korman failed to do so. Korman's action must be dismissed.

## B. Defendants

Korman names Lake County, Montana, the City of Polson, Montana, Lake County Sheriff Donald Bell, Lake County Attorney James Lapotka, Montana Department of Corrections Director Brian Gootkin, Montana State Prison Warden Jim Salmonsen, and Montana State Prison Records Department employee Michele McKinni as defendants. Korman fails to allege any facts to show the personal involvement of any of these individuals or entities. The attachment to the Complaint shows that Defendant Michele McKinni responded to Korman's Offender Request Form seeking clarification of why he was not given credit for his 145 days of street time from 2014. (Doc. 2-1 at 1.) McKinni remains the only Defendant who has a potential role in Korman's claims

As to Lake County, the City of Polson, Lake County Sheriff Donald Bell, Lake County Attorney James Lapotka, Gootkin and Salmonsen, Korman has alleged no facts that state a claim against these Defendants to show their involvement in any aspect of his asserted claims. No allegations refer to these individuals. Korman fails to state a claim against them.

As to the entities, "municipalities and other local government units … [are]

among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Korman must demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit, to allege a § 1983 claim against Lake County or the City of Polson. Municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality, such as the police officers. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that local governments are responsible only for 'their *own* illegal acts,'" and therefore to impose liability on a local government under § 1983, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury).

Korman plausibly must allege that Lake County or the City of Polson has an unconstitutional policy or practice that resulted in a violation of his rights. Korman has identified no custom or policy that would make these defendants liable under this theory. Korman has not plausibly stated a claim against Lake County or the City of Polson.

## III. CONCLUSION

Section 1915A of Title 28 requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000.) A district court should not dismiss a pro se

complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court determines that amendment would be futile.

Accordingly, it is **HEREBY ORDERED**:

1.      Korman's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to close this case.

2.      The Clerk shall have the docket reflect that this dismissal counts as a strike against Korman within the meaning of 28 U.S.C. § 1915. The Court certifies that appeal would not be taken in good faith.

DATED this 28th day of January, 2026.


_____
Brian Morris, Chief District Judge
United States District Court